Carlos and Jacqueline **MARCELLO** et al., Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent-Appellee.

No. 27348

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Aug. 6, 1969.

deQuincy V. Sutton, Meridian, Miss., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Richard M. Hahn, Acting Chief Counsel, Internal Revenue Service, Washington, D. C., Kenneth L. Gross, William A. Fried-

lander, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is a petition to review, pursuant to section 7482 of the Internal Revenue Code of 1954, a decision of the Tax Court that the taxpayers failed to make an installment election on the sale of certain real property as permitted by section 453 of the Code.[1]

 We affirm.[2]

In 1958 the taxpayers, the widow and children of one Joseph Marcello, sold a parcel of realty which they had inherited from Marcello. The sale was made by Carlos Marcello, one of the children, acting under the authority of an instrument executed by the widow and the other children designating him to be their agent for the limited purpose of selling the land. The sale was not reported by the taxpayers on their individual United States Income Tax Returns. In 1961, the year in which proceeds were first received from the sale of the realty, Carlos Marcello filed a 1041, United States Fiduciary Income Tax Return in the name of the "Estate of Joseph Marcello." The § 453 election was made and the return was signed by "Carlos Marcello, agent." The Commissioner sent out notices of deficiency to the taxpayers for 1958. The Tax Court found that the taxpayers had failed to make the § 453 election and entered a judgment in favor of the Commissioner.

The taxpayers contend that the election made in the form 1041 signed by Carlos Marcello as "agent" constituted an effective election for each of the individual taxpayers. This is so, they insist, because Carlos was acting as their agent when he filed the return for the estate

1. We previously considered this case in Marcello v. C. I. R., 5 Cir. 1967, 380 F.2d 499, but remanded the question with which we are here concerned to the Tax Court for further findings on the issue of the § 453 election.

2. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the

merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

of Joseph Marcello. The Government answers that the estate of Joseph Marcello was a separate taxpaying entity and that the election made in the fiduciary return did not bind and could not be imputed to the individual taxpayers. We agree.

It is beyond dispute that the proper place for the elections to have been made was on each of the taxpayer's individual returns and not on the income tax return for the estate of Joseph Marcello. The taxpayer's argument that the form 1041 was intended to be a fiduciary return with Carlos Marcello acting for the other taxpayers, individually, and was not intended to be an income tax return for the estate of Joseph Marcello, a separate taxpayer, can be no more than a convenient afterthought. Carlos Marcello had no written authority to file a return for the other taxpayers. By the very terms of the instrument executed by the other taxpayers, his power was limited to the sale and transfer of a particular parcel of realty. Furthermore, the taxpayers made no attempt to comply with the administrative regulations relating to returns made under power of attorney. See Treasury Regs. §§ 1.6061–1(a), 1.6012–1(a) (5).

The form 1041 was nothing more than that which it was designated to be, i. e., an income tax return for the "Estate of Joseph Marcello." The block following the heading, "estate", was clearly checked. The blocks following the heading, "simple trust" and "complex trust", were left blank. Pursuant to section 642(b) of the Code the $600 deduction for personal exemption allowable to an estate was claimed. Had this return been a fiduciary return filed on behalf of the individual taxpayers the deduction for personal exemption would have been $100. An attachment filed with the form 1041 stated that the "*taxpayer estate* received no money in the transaction until 1961 * * *" (emphasis supplied).

The import of Rev.Rul. 65–297, 1965–2 Cum.Bull. 152, is now of no moment. This ruling speaks exclusively to the time requirements in filing elections. We are not faced with the timeliness of the return but simply whether an election in the 1961 return was properly made. We conclude that it was not. The fiduciary return was not an election binding upon the individual taxpayers and thus cannot be binding in their favor against the Commissioner.

Affirmed.